KITCHENS, Justice,
Concurring in Part and Dissenting in Part.
¶ 60. I concur with the majority’s decision to affirm Nelson’s conviction for the crime of murder, but I part company with my learned colleagues in their affirmance of Nelson’s conviction for kidnapping, which I find to be barred by our constitutional prohibition against double jeopardy.
¶ 61. This is a murder case and nothing more. Whichever of Nelson’s actions can fairly be said to have given rise to kidnapping charges clearly were subsumed within his murderous conduct and cannot, consistent with the protections of the Fifth Amendment to the United States Constitution and Article 3, Section 22, of the Mississippi Constitution, form the basis of a prosecution for a separate offense.
¶ 62. Section 97-3-19 of the Mississippi Code requires that prosecutors show both an act of killing and “deliberate design to effect the death” in order to garner a conviction for murder. Miss.Code Ann. § 97-3-19 (Rev.2006). By comparison, Mississippi Code Section 97-3-53 defines kidnapping as an intentional, forcible seizure and confinement. Miss.Code Ann. § 97-3-53 (Rev.2006). Obviously, these two statutes are facially distinct, and therefore, I readily concede that a defendant may be guilty of both kidnapping and murder, as it is elementary that “[a] single act may be an offense against two statutes .... ” Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
¶ 63. But the facts set before us provide no basis for such a conclusion. The seizure and confinement in this case were merely incidental to the act of murder, namely, taping a bag around Shannon Tor-rence’s head, dragging his dying body to the car, and driving him to the woods where the body was dumped. This unbroken course of conduct by Nelson, which brought about the death of his victim, constituted the dastardly act of murder for which he properly was convicted. But no more can it form the basis for a valid kidnapping charge than can the act of a gunman who backs his victim into a corner before shooting him, or the act of a strangler who seizes his quarry’s throat until the poor soul breathes his last breath. We would not hold that acts such as these, incidental to the very act of murder itself, are also acts of kidnapping. Neither, therefore, should we hold that Nelson’s despicable and malicious conduct constituted any crime but murder.
¶ 64. Indeed, the crime of murder necessarily includes some degree of seizure, no matter how brief or how slight. If we declare such incidental seizure is a fact sufficient to give rise to a separate charge of kidnapping, then the practical effect would be that every act of murder is capital murder, with kidnapping as the underlying felony. If readings of the kidnapping and murder statutes evince a legislative intent to permit such a result, then that interpretation is lost on me.
¶ 65. More fundamentally, though, our double-jeopardy jurisprudence recognizes *913 that “when the impulse is single, but one [charge] lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate [charge]s lie.” Id. at 302, 52 S.Ct. 180. No such separation of impulses can reasonably be gleaned from the facts of this tragic case; and to the extent that this particular murderous act suggests the propriety of a separate charge of kidnapping, such a suggestion lies in conflict with the state and federal constitutional guarantees of protection from double jeopardy.
¶ 66. Accordingly, I would affirm the conviction for murder but reverse and render on the charge of kidnapping. Therefore, I concur in part and dissent in part.